STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of Sno-Cross      }
Appeal Group                    }
                                }   Docket No. 206-9-00 Vtec
                                }
                                }

Decision and Order on Appellant's Motions for Summary Judgment

Appellants appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Wilmington granting conditional use approval to Appellee-Applicants High Country Snowmobile Tours and Mount Snow Ltd. for the operation of three snowmobile riding tracks or courses. Appellants are represented by Seth B. Bongartz, Esq.; Appellee-Applicants are represented by Thomas J. Montemagni, Esq.; and the Town is represented by Richard M. Gale, Esq. Appellants have moved for summary judgment that the proposed activity does not fall within any allowed category of conditional use.

The following facts are undisputed unless otherwise noted. Appellee-Applicants propose to operate three snowmobile[1] riding tracks or courses at the lower Haystack ski area: a youth track or course, an expert course and a pro course, all within the Commercial zoning district. The expert and pro courses will be constructed with hills, banked turns, straight sections and jumps. As many as twelve snowmobiles at a time are proposed to be allowed on each of the expert and pro courses. Appellants' residences are located near the proposed course area. Appellants have submitted in affidavit form evidence of a noise expert regarding the noise levels to be expected from the operation of the proposed activity.

Appellants argue that the proposed activity fails to fall within § 7(A)(1)(b), in that it is not an activity similar to the listed types of facilities: golf courses, tennis courts, water impoundments, and swimming pools, all of which Appellants characterize as 'quiet and unobtrusive.' Further, Appellants argue that because the proposed activity is motorized, it is neither 'athletic' nor is it similar to any of the other listed facilities.

Appellants also argue that the proposed use will adversely affect the character of the area. Material facts are in dispute both as to how to characterize the area affected and its character, and as to whether the effect on that area of the proposal will be adverse.

Section 7 of the zoning ordinance, dealing with conditional uses, lays out three lists of conditional uses: § 7(A) lists those uses allowed for consideration whether the zoning district is Residential or Commercial; § 7(B) lists those uses allowed for consideration in the Residential district; and § 7(C) lists those uses allowed for consideration in the Commercial district. In the Residential district, the only 'group service uses' which may be considered for conditional use

approval are those in § 7(A)(1)(b); no group service uses pertinent to this application are otherwise listed in the § 7(B) list for the Residential district. On the other hand, in the Commercial district, all other legal uses not listed may be considered for conditional use approval under § 7(C)(5), including all other group service types of uses. Therefore, we need not resolve whether the activity would qualify for as a so-called ' group service use' under conditional use category § 7(A)(1)(b), allowable in either the Residential or the Commercial zoning district, because it clearly falls within conditional use category § 7(C)(5) allowable in the Commercial zoning district only. Therefore, the proposal is entitled to be considered on its merits for conditional use approval.

Accordingly, based on the foregoing, Appellants' Motion for Summary Judgment is DENIED. The proposed activity falls within the conditional use category § 7(C)(5) and is entitled to be considered for conditional use approval. Material facts are in dispute as to Questions 2 and 3 of the Statement of Questions; the appeal must therefore be set for a hearing on the merits of the conditional use application. We will hold a telephone conference on Monday, March 5, 2001 at 9:15 a.m. to discuss the scheduling of such a hearing and whether any remaining discovery must be done in preparation for that hearing. The parties are advised that a hearing is set in another matter at the Manchester Courthouse on March 12, 2001. They should be prepared to address at the March 5 conference whether they wish to be set as a back-up case for that date, or whether there would be any benefit to an in-person conference on that date. They should also be prepared to address whether they wish to schedule a winter-season site visit with operation of snowmobiles, in advance of the hearing, even if the hearing on the merits of the application cannot be scheduled until after the spring thaw.

Done at Barre, Vermont, this 28th day of February, 2001.

_____

Merideth Wright
Environmental Judge

### Footnotes

[1.]     Appellee-Applicants proposed year-round snowmobile/motorcycle courses, but did not appeal the ZBA's denial of the motorcycle portion of the proposal.